UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRA L. EPPS, ) | Case No. 16-33158 |
| ) | Chapter 13 |
| Debtor ) | |
| ) | |
| ) | |
| ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the objection of the debtor, Tara L. Epps ("Debtor"), to a claim filed by creditor Wisteria Landing Homeowners Association, Inc. ("Wisteria Landing") in this Chapter 13 bankruptcy case; Wisteria Landing's response to that objection; and the parties' memoranda of law in support of their respective positions. For the following reasons, the Court will **SUSTAIN** Debtor's objection to Wisteria Landing's proof of claim.

### PROCEDURAL AND FACTUAL BACKGROUND

Debtor filed a petition for Chapter 13 relief on October 18, 2016. Schedule A of Debtor's bankruptcy schedules showed an ownership interest in a condominium located at 4200 Wisteria Landing Circle, Unit 201 in Louisville, Kentucky (the "Condominium"). Debtor's Schedule D showed that there were two lienholders on the Condominium. The first lienholder was Regions Bank with a $96,660 mortgage, and the second lienholder was Wisteria Landing with an $8,309 lien for "judgment for HOA (homeowners association) fees." Prior to the filing of the bankruptcy petition, Wisteria Landing had brought a foreclosure action against Debtor in Jefferson Circuit Court styled *Wisteria Landing Homeowners Assoc. vs. Terra L. Epps, et al*, Case No. 15-CI-402231 ("Foreclosure Action"). That Foreclosure Action was stayed by the bankruptcy filing.

1

On November 13, 2016, Judge Thomas H. Fulton of the Bankruptcy Court for the Western District of Kentucky entered an order confirming Debtor's Chapter 13 Plan, which provided for the surrender of the Condominium to the secured creditors, Regions Bank and Wisteria Landing. On November 30, 2016, Wisteria Landing filed the contested proof of claim for $8,309.76, secured by the Condominium. On April 17, 2017, Regions Bank filed an agreed motion along with Debtor for relief from stay whereby Debtor agreed to abandon the Condominium. Judge Fulton entered the agreed order, and on June 8, 2018, the Condominium was sold at a foreclosure sale to Regions Bank for $75,840.

Because this foreclosure sale of the Condominium was for less than the amount of Regions Bank's first mortgage lien, none of the proceeds from this sale satisfied Wisteria Landing's second lien and their proof of claim went unpaid. However, Wisteria Landing did not amend their proof of claim to reflect their new, unsecured deficiency claim against Debtor's Chapter 13 estate.

After the sale, Debtor continued making plan payments on her 100% plan. In August 2020, the Chapter 13 Trustee's office informed Debtor's counsel that the plan payments were completed, but a notice of plan completion could not be filed because of the outstanding secured claim by Wisteria Landing. On September 1, 2020, Debtor filed her objection to Wisteria Landing's secured claim. In its response to that objection, Wisteria Landing said it did not receive any payment from the foreclosure sale and requested that this Court enter an order allowing the amount of its secured claim to be paid as an unsecured deficiency claim.

## **LEGAL ANALYSIS**

Debtor asks this Court to disallow Wisteria Landing's secured claim and not allow it to file a new unsecured claim. She says filing a new deficiency claim is barred by Local Rule 3001-1(c)(1), which states:

> Deficiency claims arising from the disposition of secured collateral shall be filed no later than one hundred and twenty (120) days following the order of the Court granting relief from the automatic stay, but in no event later than the approval of a final report. Such time period may be enlarged only upon motion made within the one hundred and twenty (120) day time period and only for cause shown.

In addition to the Local Rule, Debtor also argues that allowing the late claim would not be fair and equitable. She contends that she and her other creditors will be harmed by allowing Wisteria Landing to file a late deficiency claim, because the Chapter 13 Trustee would have to request refunds from all other unsecured creditors who have already been paid 100% of their claims. Debtor estimates that allowing Wisteria Landing's deficiency claim would bring the unsecured creditors' recovery in this case from 100% down to around 62%. Debtors also suggests she would be harmed by a late claim because it would "keep[] her in a plan" she thought she had completed in July 2020. Debtor says she paid her plan early so she could purchase a new vehicle, and she has been unable to get financing for the vehicle until her case is discharged.

For its part, Wisteria Landing contends it had no obligation to amend its proof of claim at all. It argues that Rule 3001 creates a 120-day deficiency claim deadline only for the party who requested relief from stay, which was Regions Bank, not Wisteria Landing, and so argues that the 120-day deadline does not apply.

The Court is not convinced by Wisteria Landing's argument that it is not subject to the 120-day time limit in Rule 3001 simply because it was not the party to request relief from stay. The language of the rule says that "deficiency claims" must be filed within 120 days of the order granting relief from stay; it says nothing about that time limit applying only to deficiency claims filed by the movant for relief. Nor can Wisteria Landing plausibly argue that it was not involved or aware of Regions Bank's foreclosure action. Wisteria Landing was the party who initially brought the foreclosure action against Epps pre-petition, and its secured proof of claim

3

contemplated this very scenario by "reserv[ing] the right to file an amended proof of claim" in the event of a foreclosure sale that raised insufficient funds to pay its claim.

The Court agrees with Debtor that Rule 3001 required Wisteria Landing to protect its interest by filing an amended deficiency claim. Furthermore, allowing Wisteria Landing to file a deficiency claim at this late stage – more than two years after the foreclosure sale, and after Debtor already paid her 100% plan in full – would harm Debtor and the other unsecured creditors. This is precisely what Rule 3001 seeks to avoid.

Wisteria Landing also argued that their late claim should be allowed based on Sixth Circuit precedent stating that "[c]reditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the Spirit of the rules." *In re M. J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000). This language does not save the late attempt to add a deficiency claim well after the foreclosure sale, which Wisteria Landing itself initiated before the bankruptcy case began. Indeed, by failing to preserve its deficiency claim for over two years from the foreclosure sale and waiting until after the confirmed plan had been otherwise paid in full, Wisteria Landing failed to comply "with the Spirit of the rules."

A deficiency claim filed at this late stage would create an impractical burden on the administration of the estate and would harm Debtor and her other unsecured creditors. Hence, Wisteria Landing's request to enter its deficiency claim well beyond the time requirements of Rule 3001 should be denied, and Debtor's objection to Wisteria Landing's outstanding secured claim should be sustained.

## CONCLUSION

For all the above reasons, the Court will enter the attached Order **SUSTAINING** the Debtor's objection to Wisteria Landing's proof of claim. An order accompanies this Memorandum-Opinion.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 19, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TERRA L. EPPS,** | ) | Case No. 16-33158 |
| | ) | Chapter 13 |
| **Debtor** | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claim of Wisteria Landing by the Debtor, Tara L. Epps, be and hereby is **SUSTAINED.**

*/s/ Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 19, 2021